J. S69018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MELVIN ROHE, JR., JOYCE A. ROHE, SUSAN SWINGLE AND REBEKAH J. HALBFOERSTER, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | : : : | |
| v. | : : | |
| D. REESE MEEHAN, TRUSTEE, JOHN MEEHAN, ANN MEEHAN, KERRY MEEHAN, ESTATE OF BARBARA J. MEEHAN AND ALL UNKNOWN PERSONS CLAIMING BY THROUGH OR UNDER D. REESE MEEHAN, TRUSTEE | : : : : : : : : : | |
| APPEAL OF: ESTATE OF BARBARA J. MEEHAN | : : | No. 344 MDA 2016 |

Appeal from the Order Entered January 25, 2016
In the Court of Common Pleas of Sullivan County
Civil Division at No.: 2014-CV-00084

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY DUBOW, J.:  **FILED NOVEMBER 21, 2016**

Appellant, the Estate of Barbara J. Meehan, appeals from the January 25, 2016 Order entered in the Sullivan County Court of Common Pleas declaring that a disputed Assignment was unambiguous and did not grant a perpetual one-half royalty interest in oil and gas leases concerning 62 acres

---

[*] Retired Senior Judge Assigned to the Superior Court.

located in Forks Township, Pennsylvania. We affirm on the basis of the trial

court's January 25, 2016 Opinion.

On October 31, 1949, the Rohes[1] executed an Oil and Gas Lease with

H.R. Hirzel ("Hirzel") for a primary term of 10 years regarding 62 acres of

land located in Forks Township, Pennsylvania. On February 1, 1954, the

Rohes executed an Assignment to "D. Reese Meehan, Trustee" ("Meehan")

for a one-half interest regarding the same 62 acres. The Assignment stated

as follows:

> ASSIGNMENT
> LAWRENCE ROHE ET AL
> TO
> D. REESE MEEHAN, TRUSTEE
> INTEREST IN OIL & GAS LEASE
>
> ASSIGNMENT.
>
> KNOW ALL MEN BY THESE PRESENTS, That we, Lawrence Rohe Alverta Rohe; Elizabeth S. Rohe and Melvin Rohe; Donald Rohe, parties of the first and ASSIGNORS in consideration of THREE HUNDRED TEN ($310.00) DOLLARS, in hand paid by D. Reese Meehan, Trustee, the receipt whereof is hereby acknowledged, do hereby transfer, assign and set over unto D. Reese Meehan, Trustee an undivided one-half interest in certain Oil and Gas Lease or Leases made by me with "H." R. Hirzel, and recorded in Sullivan County, Penna. in Deed Book Vol. 62 page 247 Said land being in the Township of Forks County of Sullivan and State of Pennsylvania, bounded and adjoined as follows:
>
> Covering 62 acres of land more or less.

---

[1] Lawrence Rohe, Alverta Crouse Rohe, Melvin E. Rohe, Betty Sherman, and Donald R. Rohe, referred to collectively as "the Rohes."

J. S69018/16

This Assignment being subject to any former leases given by me for the same property, with the following exception:

That in the event, such lease should be terminated by Lessee before the expiration of the full term, which is sometimes known as the "Primary Term", this assignment shall remain in full force and effect. The consideration herein mentioned being in full for all rentals due against this portion of said lease for the full term as set forth in the original lease. Notwithstanding, that the original Lessee or Lessees may terminate their lease before the term has expired, this portion so assigned shall by the full consideration set forth therein, remain in full force and effect for the remaining time of said term.

It is further understood and agreed that if this property should be re-leased by the Lessor, Lessee or Assignee of this lease, or any other person or persons, then this assignment shall run with the new lease without any farther remuneration.

This Assignment to be binding upon the heirs, executors, administrators and assigns of both parties hereto.

WITNESS our hands and seals this first day of February 1954.

> Lawrence Rohe
> Alverta Rohe
> Donald R. Rohe
> Melvin E. Rohe
> Elizabeth S. Rohe

Assignment, 2/1/54, R.R. at 42a.

On April 14, 1950, The California Company obtained Hirzel's rights under the 1949 Oil and Gas Lease pursuant to an Assignment. On September 29, 1955, The California Company "cancel[led], release[d], quitclaim[ed], relinquish[ed,] and surrender[ed]" its rights under several leases, including the 1949 Oil and Gas Lease between Hirzel and the Rohes. Surrender of Leases, dated 9/29/55, at 1.

Subsequently, the Rohes and Appellees executed several[2] Oil and Gas Leases for the same 62 acres, including with Chesapeake Appalachia, LLC ("Chesapeake"). Chesapeake began withholding one-half of the Rohes' royalty payment pursuant to the 1954 Assignment to Meehan, amounting to $13,126.14 as of May 21, 2015.

On December 5, 2014, Appellees filed the instant quiet title/declaratory judgment action seeking a ruling that the 1954 Assignment to Meehan did not constitute a permanent conveyance of the one-half interest in royalty payments under all leases related to the 62 acres. Rather, Appellees argued that Meehan's Assignment rights ended with The California Company's surrender of rights in 1950 because the Assignment included limiting language regarding the duration and the scope of subsequent leases.

Appellant, through Answers, New Matters, and Counterclaims, asserted that the language included in the Assignment conveyed a permanent one-half interest in the royalty payments under any subsequent lease in perpetuity.

After submitting the case on briefs by agreement of all parties, the trial court issued an Opinion on January 25, 2016. The trial court concluded that the unambiguous language of the 1954 Assignment "clearly did not

---

[2] We need not describe the entire title history and each conveyance of the 62 acres, and parcels thereof, as those facts are not relevant to the issue before us.

intend for a perpetual grant of a one-half royalty interest." Trial Court Opinion, 1/25/16, at 5.

On February 24, 2016, Appellant filed a timely Notice of Appeal.[3] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

> The trial court erred in finding that the language of the 1954 Meehan Assignment is unambiguous and does not apply to any and all future oil and gas leases.

Appellant's Brief at 3.

"Our standard of review in a declaratory judgment action is limited to determining whether the trial court clearly abused its discretion or committed an error of law." *Peters v. Nat'l Interstate Ins. Co.*, 108 A.3d 38, 42 (Pa. Super. 2014). "We may not substitute our judgment for that of the trial court if the court's determination is supported by the evidence." *Id*.

We will ordinarily construe an assignment in accordance with the rules of construction governing contracts. *Employers Ins. of Wausau v. Dep't of Transp.*, 865 A.2d 825, 831 (Pa. 2005). Under the law of assignment, the assignee succeeds to no greater rights than those possessed by the assignor. *Id*. at 830.

> The interpretation of any contract is a question of law and this Court's scope of review is plenary. Moreover, we need not defer to the conclusions of the trial court and are free to draw our own inferences. In interpreting a contract, the ultimate goal is to

---

[3] Ann Meehan also timely appealed. Her appeal is docketed at 353 MDA 2016.

> ascertain and give effect to the intent of the parties as reasonably manifested by the language of their written agreement. … This Court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation.

*Southwestern Energy Prod. Co. v. Forest Resources, LLC*, 83 A.3d 177, 187 (Pa. Super. 2013) (citation omitted). "When construing agreements involving clear and unambiguous terms, this Court need only examine the writing itself to give effect to the parties' understanding." *Id*.

Appellant avers that: (1) "The trial court improperly considered and gave weight to the language of the title block of the recorded Assignment[,]" Appellant's Brief at 11; (2) "The trial court failed to give effect to the construction of the 1954 Meehan Assignment and the clauses contained therein[,]" Appellant's Brief at 12-16; and (3) "The trial court failed to consider that if more than one reasonable interpretation of the 1954 Meehan Assignment exists, it is necessary for a finder of fact to consider relevant extrinsic evidence[.]" Appellant's Brief at 17-18.

Appellant's arguments fail to consider the complete clause as whole. Rather, Appellant takes certain words and phrases out of context. The trial court's Opinion properly considered all of the language of the assignment provision.

We conclude that the trial court's determination is supported by the evidence and that the trial court did not abuse its discretion or commit an error of law. We affirm on the basis of the trial court's Opinion. *See* Trial

Court Opinion at 4-5 (concluding: (1) the assignment "is clear that the transfer is limited to lease or leases made by the grantors with H.R. Hirzel and the language is clear that it is a transfer, rather than a grant of interest[;]" (2) the language referencing the full or primary term "represents the parties' intention that the Assignment was to be associated directly with the 'Primary Term' of the existing H.R. Hirzel lease[;] and (3) the provision regarding new leases was "intended to apply should the Grantees exercise their right to enter into another lease during the 'Primary Term' of the H.R. Hirzel lease and to apply in a situation in which the 'Lessor, Lesse[e] or Assignee of this lease' enter into subsequent assignment pertaining to the remaining interests in the H.R. Hirzel lease.").[4]

The parties are instructed to attach a copy of the trial court's January 25, 2016 Opinion to all future filings.

Order affirmed.

---

[4] Insofar as Appellant argues that "the parties should be given an opportunity to present extrinsic evidence to demonstrate the intent of the language used[,]" Appellant's Brief at 17, we agree with the trial court's conclusion that the assignment is unambiguous and such extrinsic evidence is not permitted. **See Wert v. Manorcare of Carlisle PA, LLC**, 124 A.3d 1248, 1259 (Pa. 2015) (holding "[p]arol evidence is only admissible to resolve ambiguities, though ambiguities may be latent and created by extrinsic or collateral circumstances. An ambiguity is present if the contract may reasonably be construed in more than one way." (citation omitted)).

J. S69018/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/21/2016

IN THE COURT OF COMMON PLEAS OF THE 44TH JUDICIAL DISTRICT
SULLIVAN COUNTY BRANCH – CIVIL DIVISION

| | | |
|---|---|---|
| MELVIN ROHE, JR., JOYCE A. ROHE, SUSAN SWINGLA and REBEKAH J. HALBFOERSTER, Plaintiffs | : : : : : | CIVIL ACTION - LAW QUIET TITLE AND |
| vs. | : : | DECLARATORY RELIEF |
| D. REESE MEEHAN, TRUSTEE, JOHN MEEHAN, ANN MEEHAN, KERRY MEEHAN, ESTATE OF BARBARA J. MEEHAN AND ALL UNKNOWN PERSONS CLAIMING THROUGH OR UNDER D. REESE MEEHANN TRUSTEE: Defendants | : : : : : : : | NO. 2014-CV-84 |

## ORDER

AND NOW, this 22nd day of January, 2016, this matter having come before this Court on the request from all parties to interpret a 1954 Assignment conveyance document, upon consideration of the Briefs filed by all parties thereon and based upon the Opinion attached hereto, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** the language of the 1954 Assignment is clear and unambiguous and did not intend for the Assignment to apply to any and all future oil and gas leases.

BY THE COURT:

_____, P.J.
Russell D. Shurtleff
President Judge

cc:
J.C. Wilkinson, III, Esquire
Casandra K. Blaney, Esquire
Lloyd R. Hampton, Esquire
John T. Zelinka, Esquire

1

IN THE COURT OF COMMON PLEAS OF THE 44TH JUDICIAL DISTRICT
SULLIVAN COUNTY BRANCH – CIVIL DIVISION

| | | |
|---|---|---|
| MELVIN ROHE, JR., JOYCE A. ROHE, | : | |
| SUSAN SWINGLA and | : | |
| REBEKAH J. HALBFOERSTER, | : | |
| Plaintiffs | : | CIVIL ACTION - LAW |
| | : | QUIET TITLE AND |
| vs. | : | DECLARATORY RELIEF |
| | : | |
| D. REESE MEEHAN, TRUSTEE, JOHN | : | NO. 2014-CV-84 |
| MEEHAN, ANN MEEHAN, KERRY | : | |
| MEEHAN, ESTATE OF BARBARA J. | : | |
| MEEHAN AND ALL UNKNOWN | : | |
| PERSONS CLAIMING THROUGH OR | : | |
| UNDER D. REESE MEEHANN TRUSTEE | : | |
| Defendants | : | |

J.C. Wilkinson, III, Esquire – Attorney for Plaintiffs
Casandra K. Blaney, Esquire – Attorney for Defendants the Estate of Barbara J. Meehan,
Jerry Meehan and Paul Manger
Lloyd R. Hampton, Esquire – Attorney for Defendants Ann Meehan and John Meehan
John T. Zelinka, Esquire – Attorney for Defendants Ann Meehan and John Meehan

## OPINION

**Shurtleff, P.J., January 22, 2016.**

This Opinion is in support of the foregoing Order.

## I. FINDINGS OF FACTS AND PROCEDURAL HISTORY

The above-referenced matter was commenced by the filing of a Writ of Summons in April of 2014. Thereafter, a Complaint was filed in December of 2014 in which Plaintiffs seek relief from this Court under the Declaratory Judgments Act and Quiet Title Act. Answers to the Complaint, New Matter, Counterclaims and responses were subsequently filed by the parties. A status conference was held on July 9, 2015 wherein the parties agreed argument with respect to the interpretation of a 1954 Assignment would be

2

submitted on Briefs. Said Briefs have been submitted and the matter is now ripe for determination.

At issue is a 1954 Assignment (hereinafter "the Assignment") which states:

**ASSIGNMENT.**

KNOW ALL MEN BY THESE PRESENTS, That we, Lawrence Rohe, Alverta Rohe, Elizabeth S. Rohe and Melvin Rohe, Donald Rohe, parties of the first and ASSIGNORS in consideration of THREE HUNDRED TEN ($310.00) DOLLARS in hand paid by D. Reese Meehan, Trustee, the receipt whereof is hereby acknowledged, do hereby transfer, assign and set over unto D. Reese Meehan, Trustee an undivided one-half interest in certain Oil and Gas Lease or Leases made by me with "H." R. Hirzel, and recorded in Sullivan County, Penna. In Deed Book Vol. 62 page 247. Said land being in the Township of Forks County of Sullivan and State of Pennsylvania, bounded and adjoined as follows:

Covering 62 acres of land more or less.

This Assignment being subject to any former leases given by me for the same property, with the following exceptions:

That in the event, such lease should be terminated by Leasee before the expiration of the full term, which is sometimes known as the "Primary Term", this assignment shall remain in full force and effect. The consideration herein mentioned being in full for all rentals due against this portion of said lease for the full term as set forth in the original lease. Notwithstanding, that the original Leassee or Leassees may terminate their lease before the term has expired, this portion so assigned shall by the full consideration set forth therein, remain in full force and effect for the remaining time of said term.

It is further understood and agreed that if this property should be re-leased by the Lessor, Lessee or Assignee of this lease, or any other person or persons, then this assignment shall run with the new lease without any further remuneration.

This Assignment to be binding up on the heirs, executors, administrators and assigns of both parties hereto.

Plaintiffs assert that this Assignment did not intend to convey a one-half royalty interest in the premises forever. Defendants, on the other hand, argue that it did. The parties have fully briefed the matter and this Court's findings are discussed below.

3

## II.    DISCUSSION

The primary object in the interpretation of any written instrument is to ascertain and effectuate the intention of the parties. *Hess v. Jones*, 335 Pa. 569, 7 A.2d 299 (1939); *Markides v. Soffer*, 172 Pa.Super. 215, 93 A.2d 99 (1952). It is also a cardinal rule of construction of deeds that no part shall be rejected if it can be given a meaning. *Reilly v. City Deposit Bank and Trust Co.*, 322 Pa. 577, 581, 185 A. 620 (1936). In *Brookbank v. Benedum-Trees Oil Company*, the Pennsylvania Supreme Court set forth certain rules applicable in the construction of deeds. *Brookbank v. Benedum-Trees Oil Company*, 389 Pa. 151, 157, 131 A. 2d 103, *see also, Yuscavage v. Hamlin*, 391 Pa. 13, 16, 137 A. 2d 242. "Among such rules are those providing: (1) that the nature and quantity of the interest conveyed must be ascertained from the instrument itself and cannot be orally shown in the absence of fraud, accident or mistake and we seek to ascertain not what the parties may have intended by the language but what is the meaning of the words; (2) effect must be given to *all* the language of the instrument and no part shall be rejected if it can be given a meaning; (3) the language of the deed shall be interpreted in the light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed." *Highland v. Commonwealth*, 400 Pa.261, 283, 161 A.2d 390 (1960).

The instrument at issue is referred to as Assignment. The title block of the Assignment states "Interest in Oil and Gas Lease". The title of the Assignment is in the singular, rather than the plural, thereby reflecting the parties' intention that the Assignment was not intended to run against all subsequent leases on the property.

After identifying the parties and reciting the consideration of Three Hundred Ten Dollars ($310.00), the 1954 Assignment reads as follows: "the receipt whereof is hereby

4

acknowledged, do hereby transfer, assign and set over unto D. Reeses Meehan Trustee an undivided one-half in certain Oil and Gas lease or Leases made by me with H.R. Hirzel". The language is clear that the transfer is limited to lease or leases made by the grantors with H.R. Hirzel and the language is clear that it is a transfer, rather than a grant of interest.

The "Subject To Clause" specifically references the leases "full term" or "Primary Term", and concludes that the assignment shall "remain in full force and effect for the remaining time of said term." This language represents the parties' intention that the Assignment was to be associated directly with the "Primary Term" of the existing H.R. Hirzel lease. Lastly, the "Further Clause and Heirs Clause" which states:

> "It is further understood and agreed that if this property should be re-leased by the Lessor, Lessee or Assignee of this lease, or by any other person or persons, then this assignment shall run with the new lease without any further remuneration.
> This Assignment to be binding upon the heirs, executors, administrators and assigns of both parties hereto."

When looking at the Assignment as a whole, the Further Clause is intended to apply should the Grantees exercise their right to enter into another lease during the "Primary Term" of the H.R. Hirzel lease and to apply in a situation in which the "Lessor, Lesse or Assignee of this lease" enter into subsequent assignment pertaining to the remaining interests in the H.R. Hirzel lease.

Based upon the above analysis, it is clear that the language of the Assignment is unambiguous and clearly did not intend for a perpetual grant of a one-half royalty interest.

III.    CONCLUSION

This Opinion is in support of the foregoing Order.

5